CASE 35—FORCIBLE DETAINER—FEBRUARY 8.

# Spalding vs. Bull.

APPEAL FROM THE JEFFERSON CIRCUIT COURT.

1. A trustee, who was a nominal plaintiff in a case of forcible detainer, without any beneficial interest, was a competent witness for the plaintiff. (*Civil Code*, secs. 674, 670.)

2. Where the evidence sustaining the plaintiff's claim was uncontradicted, it was not erroneous to instruct the jury to find for the plaintiff, if they believed the testimony.

R. J. ELLIOTT, for appellant, cited 2 *Met.*, 517.

A. DUVALL, for appellee, cited *Civil Code, sec.* 674.

WOLFE & HAYS on same side.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This is a case of forcible detainer for a house in the city of Louisville, conveyed to the plaintiff in the warrant to hold as trustee for a married woman and her children; and the only question which we deem of sufficient novelty or difficulty to require special notice, is, whether the court below erred in admitting, as a competent witness, the trustee who was thus a nominal party without any beneficial interest.

Had he been incompetent, we would not reverse, because his testimony was immaterial. But he was competent under the 674th section of the Code, which provides that "a personal representative or *trustee*, not personally interested in the action, shall not be incompetent to testify by reason of being a party." This clearly imports that a trustee, like the witness in this case, is not incompetent merely because he is a party to the

suit or to the issue. Without this interpretation the section would be superfluous and inoperative. And, with this interpretation, it is not at all inconsistent with that portion of the antecedent section 670, which provides that "persons *interested* in an issue, in behalf of themselves, and parties to an issue, in behalf of themselves, or those united with them in the issue," shall not be competent witnesses. The trustee in this case is no party to an issue in behalf of himself, nor *interested* in an issue for himself, nor party to an issue with any other person. The opinion of this court in *Chenowith vs. Fielding*, rendered at the winter term, 1864, is, in no sense, unfavorable to, but is rather confirmatory of, the competency of a trustee who is a party without interest, and not for himself but for another. The witness adjudged incompetent in that case was, as a party both to the suit and the issue, not only defending for himself, but was offered to testify in behalf of his own interest. He was therefore properly set aside as incompetent, both at common law and under the said 670th section of the Code of Practice ; and the court did not allude to the 674th section, applicable to personal representatives and other trustees made competent by it, without any other restriction or qualification than that of personal interest. Between these two sections there is no incompatibility or incongruity ; and, if there had been, the last section would prevail over the preceding one, and, as an exception, limit its operation. The witness was therefore competent.

As there was competent and uncontradicted proof that the appellant leased the house at the will of the landlord, and no testimony or ground for presumption which could have authorized the jury to find that there had been any other contract, there was no error in the instruction to find for the plaintiff on the warrant, if the jury believed the testimony of the only witness as to the terms of the lease, and also believed that reasonable notice (of which there was proof) had been given to the tenant of the determination of the landlord's will, nor in the refusal to instruct on an assumed hypothesis unsupported by any fact or circumstance that would have sustained a finding in favor of the tenant.

Wherefore, the verdict in favor of the landlord, now ap-pellee, was right, and the judgment on it for restitution is affirmed.